# MINUTE ORDER

CASE NUMBER:     CIVIL NO. 20-00281 LEK-KJM

CASE NAME:        Ronnie Kahapea vs. Hawaii State Federal Credit Union

JUDGE:     Leslie E. Kobayashi          DATE:        08/06/2020

COURT ACTION:  EO: COURT ORDER DENYING PETITIONER'S "MOTION TO RECONSIDER ACTION TO CLOSE MISCELLANEOUS CASE"

      On June 10, 2020, pro se Petitioner Ronnie Kahapea ("Kahapea") filed a Motion to Confirm Arbitration Award ("Motion to Confirm"). [Dkt. no. 1.] Kahapea instructed the Clerk's Office to file the Motion to Confirm "as a Miscellaneous Filing," [Notice to Clerk: Filing Procedure, filed 6/10/20 (dkt. no. 2),] and he paid the filing fee required for a miscellaneous case, [receipt, filed 6/10/20 (dkt. no. 3)]. The Clerk's Office therefore opened Kahapea v. Haw. State Fed. Credit Union, et al., MC 20-00214 LEK-KJM ("MC Case"). However, this Court subsequently determined that the action should have been opened as a civil case, not a miscellaneous case. [EO: Court Order to Convert Miscellaneous Case to a Civil Case ("Conversion EO"), filed 6/19/20 (dkt. no. 4).] The Conversion EO: 1) directed the Clerk's Office to close the MC Case and to re-file the Motion to Confirm in a new civil case; and 2) accepted Kahapea's filing fee for the MC Case as the filing fee for the new civil case. [Id.] Pursuant to the Conversion EO, the MC Case was closed and the instant case was opened. Because Kahapea's filing fee for the MC Case was accepted as the filing fee for this civil case, he was not required to pay the higher filing fee associated with the initiation of a civil case.

      Before the Court is Kahapea's Motion to Reconsider Action to Close Miscellaneous Case ("Motion for Reconsideration"), filed on July 16, 2020. [Dkt. no. 8.] Respondent Bank of America, N.A., erroneously sued as Bank of America ("BOA"), filed its response to the Motion for Reconsideration on July 27, 2020. [Dkt. no. 9.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Local Rule 7.1(d). Further, the Court finds that no further briefing regarding the Motion for Reconsideration is necessary. See Local Rule LR60.1 ("No opposition or reply shall be filed unless directed by the court. A motion for reconsideration will not be granted, unless the non-moving party is given the opportunity to respond.").

      In the Motion for Reconsideration, Kahapea argues the Conversion EO is invalid because it impairs his ability to obtain the relief he seeks in the Motion for Confirmation. He therefore argues the Conversion EO should be rescinded and the MC Case reopened.

He also requests the immediate entry of an order granting the relief sought in the Motion for Confirmation.  Kahapea misunderstands the Conversion EO.

I.     **Reconsideration**

In ordering the Clerk's Office to close the MC Case, this Court made no rulings about the merits of the Motion to Confirm.  The Motion to Confirm will proceed on the merits, but the proceedings will occur in this civil case, not in the MC Case.  Although the Conversion EO resulted in the closure of the MC Case, because Kahapea will still be able to litigate the merits of the Motion to Confirm, the Conversion EO is an "interlocutory order."  In other words, it did not dispose of his case.

"Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact."  Local Rule LR60.1.  Kahapea's Motion for Reconsideration does not identify any new facts that were discovered, nor any laws that were changed, after the filing of the Conversion EO.  Further, the Motion for Reconsideration does not identify any manifest error of law or fact in the Conversion EO.  Kahapea's Motion for Reconsideration is DENIED to the extent that it requests reconsideration of the Conversion EO.

II.    **Ruling on the Merits**

Because Kahapea is proceeding pro se, his filings must be liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The Motion for Reconsideration must therefore be liberally construed as also requesting a ruling on the merits of the Motion to Confirm.  Kahapea's request is DENIED because it is premature.

The magistrate judge will hold a scheduling conference on August 17, 2020, at 9:30 a.m.  [Order Setting Rule 16 Scheduling Conference, filed 6/22/20 (dkt. no. 6).]  At the scheduling conference, the magistrate judge will, among other things, set a briefing schedule and hearing date for the Motion to Confirm.  This Court will consider the merits of the Motion to Confirm after the motion has been fully briefed and after any hearing is held.

The Motion for Reconsideration is therefore DENIED in its entirety.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager