IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONNIE KAHAPEA, ET AL., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HAWAII STATE FEDERAL ) <br> CREDIT UNION; BANK OF ) <br> AMERICA; DAVE SMITH ) <br> MOTORS, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 20-00281 LEK-KJM <br><br> FINDINGS AND <br> RECOMMENDATION TO DISMISS <br> FOR FAILURE TO PROSECUTE <br> PLAINTIFF'S MOTION TO <br> CONFIRM ARBITRATION AWARD <br> AS TO DEFENDANTS HAWAII <br> STATE FEDERAL CREDIT UNION <br> AND DAVE SMITH MOTORS |

FINDINGS AND RECOMMENDATION TO DISMISS FOR
FAILURE TO PROSECUTE PLAINTIFF'S MOTION TO
CONFIRM ARBITRATION AWARD AS TO DEFENDANTS
<u>HAWAII STATE FEDERAL CREDIT UNION AND DAVE SMITH MOTORS</u>

On June 10, 2020, Plaintiff Ronnie Kahapea ("Plaintiff"), proceeding *pro se*, initiated this action by filing a Motion to Confirm Arbitration Award against Defendants Hawaii State Federal Credit Union ("HSFCU"), Bank of America, and Dave Smith Motors ("DSM"). ECF No. 1. Although Defendant Bank of America has entered an appearance in this case, HSFCU and DSM have not.

The Court originally set the Rule 16 Scheduling Conference for August 17, 2020. ECF No. 6. On August 17, 2020, the Court held a telephonic status conference, during which the Court discussed with Plaintiff his obligation to serve HSFCU and DSM in accordance with Rule 4 of the Federal Rules of Civil

Procedure.¹  ECF No. 13.  The Court held additional telephonic status conferences on September 14, 2020 and October 14, 2020, and again discussed with Plaintiff his service obligations.²  ECF No. 15.  At the October 14, 2020 status conference, Plaintiff requested a further continuance due to lack of finances.  ECF No. 16.  The Court granted Plaintiff's request and continued the Rule 16 Scheduling Conference to November 13, 2020.  *Id.*

On November 13, 2020, the Court, with the parties participating via telephone, converted the Rule 16 Scheduling Conference to a status conference.  ECF No. 19.  Plaintiff informed the Court that he had not served HSFCU and DSM.  *Id.*  The Court thus indicated that it would issue an order to show cause regarding Plaintiff's failure to complete service as to these two defendants.  *Id.*

On November 18, 2020, this Court issued an Order to Show Cause, ordering Plaintiff to explain in writing why his Motion to Confirm Arbitration Award should not be dismissed as to HSCFU and DSM for failure to complete service

---

¹  Because Plaintiff indicated to the Court that he had not served HSFCU and DSM, and because HSCFU and DSM did not appear on August 17, 2020, the Court could not proceed with the Rule 16 Scheduling Conference.  The Court thus converted the proceeding to a status conference.

²  Like the August 17, 2020 status conference, the September 14, 2020 and October 14, 2020 status conferences were initially set as Rule 16 Scheduling Conferences.  The Court converted these proceedings to status conferences after Plaintiff indicated he had still not served HSFCU and DSM.

("11/18/2020 OSC").  ECF No. 20.  Plaintiff did not file a response to the 11/18/2020 OSC.

On March 16, 2021, this Court issued an Order Regarding Service Deadlines and Holding in Abeyance the 11/18/2020 OSC ("03/16/2021 Order").  ECF No. 25.  Pursuant to the 03/16/2021 Order, Plaintiff had until April 30, 2021 to serve HSFCU and DSM.  The 03/16/2021 Order states:  "The Court holds in abeyance the November 18, 2020 Order to Show Cause until the April 30, 2021 deadline has passed or Plaintiff files proof of proper service, whichever comes earlier."  *Id.* at 2.  Plaintiff has not filed a proof of service as to HSFCU or DSM.

## DISCUSSION

Plaintiff must serve a proper summons and complaint on HSFCU and DSM for the Court to have jurisdiction over these defendants.  *See* Fed. R. Civ. P. 4; *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (citations omitted)).  Notwithstanding that the Court discussed with Plaintiff his service obligations at several status conferences and issued an order to show cause as to why this action should not be dismissed for lack of service, Plaintiff has still not established that he properly served HSFCU or DSM.  Nor has Plaintiff provided to the Court any reason for his failure to do so.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).  The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  For the reasons below, the Court finds that dismissal of the Motion to Confirm Arbitration Award against HSFCU and DSM is appropriate given Plaintiff's failure to prosecute.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since June 2020, and Plaintiff has failed to perfect service on HSFCU and DSM.  Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's

failure to prosecute this action has interfered with the Court's ability to manage its docket. To date, Plaintiff fails to provide sufficient reasoning as to why he is unable to properly serve HSFCU and DSM.

Third, the risk of prejudice to HSFCU and DSM weighs heavily in favor of dismissal. HSFCU and DSM will suffer prejudice if this case continues without Plaintiff effecting service. Plaintiff's inaction has impaired HSFCU's and DSM's ability to proceed to trial and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate. The Court has made multiple attempts to assist Plaintiff in effecting service and issued the 11/18/2020 OSC warning Plaintiff that failure to respond would result in a recommendation that the district court dismiss the Motion to Confirm Arbitration Award as to HSFCU and DSM. ECF No. 20. In addition, even after Plaintiff's deadline to respond to the 11/18/2020 OSC had expired, the Court gave Plaintiff another opportunity to complete service on HSFCU and DSM, pursuant to the 03/16/2021 Order. Nonetheless, the record reflects that Plaintiff has failed to respond to the 11/18/2020 OSC and serve HSFCU and DSM. The Court thus finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that

such action would not compel him to take the necessary steps to prosecute this action against HSFCU and DSM.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits. Thus, this final factor weighs against dismissal. This Court finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case against HSFCU and DSM, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court dismiss without prejudice Plaintiff's Motion to Confirm Arbitration Award against HSFCU and DSM.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court dismiss for failure to prosecute Plaintiff's Motion to Confirm Arbitration Award against Defendants Hawaii State Federal Credit Union and Dave Smith Motors.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, May 7, 2021.

Kenneth J. Mansfield
Unites States Magistrate Judge

*Kahapea, et al. v. Haw. State Fed. Credit Union*, Civil No. 20-00281 LEK-KJM; Findings and Recommendation to Dismiss for Failure to Prosecute Plaintiff's Motion to Confirm Arbitration Award Against Defendants Hawaii State Federal Credit Union and Dave Smith Motors