UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RONNIE KAHAPEA,<br><br>             Petitioner,<br><br>   vs.<br><br>HAWAII STATE FEDERAL CREDIT UNION, ET AL.,<br><br>             Respondents. | CIV. NO. 20-00281 LEK-KJM |

**ORDER DISMISSING, FOR LACK OF SUBJECT MATTER JURISDICTION, PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD**

On June 10, 2020, *pro se* Petitioner Ronnie Kahapea ("Kahapea") filed a Motion to Confirm Arbitration Award ("Motion to Confirm"), seeking an order confirming a Final Arbitration Award issued in his favor by Sitcomm Arbitration Association ("Sitcomm") on July 18, 2019 ("Award"). [Dkt. no. 1.[1]] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

---

[1] Kahapea originally requested that the Motion to Confirm be filed in a miscellaneous case. [Kahapea v. Haw. State Fed. Credit Union, et al., MC 20-00214 LEK-KJM, Notice to Clerk: Filing Procedure, filed 6/10/20 (dkt. no. 2).] This Court subsequently issued an entering order that: directed the Clerk's Office to re-file the Motion to Confirm in a new civil case; and accepted Kahapea's miscellaneous filing fee as the filing fee for the new civil case. [Id., Minute Order - EO: Court Order to Convert Miscellaneous Case to a Civil Case, filed 6/19/20 (dkt. no. 4).]

Kahapea's Motion to Confirm is hereby dismissed because this Court lacks subject matter jurisdiction. Further, even if it had subject matter jurisdiction, this Court would conclude that Kahapea is not entitled to confirmation of the Award because he failed to establish the existence of a valid and binding arbitration agreement.

## BACKGROUND

The arbitration proceedings between Kahapea and Respondents Hawaii State Federal Credit Union ("HSFCU"), Bank of America ("BANA"),[2] and Dave Smith Motors ("DSM" and, collectively, "Respondents") were purportedly presided over in Laurel, Mississippi by Sandra Goulette as the "Arbitrator" and Alden Bennett as the "Committee Member." [Motion to Confirm, dkt. no. 1-2 (Award) at PageID #: 23-24.] The arbitration proceedings were initiated with a dispute resolution complaint submitted on June 14, 2019. [Id. at PageID #: 25, ¶ 2.]

The Award noted that "[t]he Respondent(s) in a related action have made a claim against [Kahapea] of this instant matter related to [Kahapea]'s interests and/or properties." [Id. at PageID #: 25, ¶ 4.] According to State of Hawai`i

---

[2] Respondent Bank of America, N.A., for itself and as successor in interest to BAC Home Loans Servicing, LP, states Kahapea erroneously sued it as Bank of America. [Opposition of Respondent Bank of America, N.A., to Plaintiff's Motion to Confirm Arbitration Award [ECF No. 1] ("BANA Opposition"), filed 7/7/20 (dkt. no. 7), at 1.]

Judiciary records, HSFCU filed the following against Kahapea in the State of Hawai`i, District Court of the Third Circuit Court, Puna Division ("state court"):

- a complaint seeking to recover $26,148.04, representing the unpaid principal on a line of credit loan, with interest and late charges; see Haw. State Fed. Credit Union v. Kahapea, 3DCR-19-0000219 ("Line of Credit Action"), filed 10/30/19 (dkt. no. 1); and

- a complaint seeking to recover $24,020.36, representing the unpaid principal on an auto loan and security agreement, with interest and late charges, see Haw. State Fed. Credit Union v. Kahapea, 3DCR-19-0000289 ("Auto Loan Action"), filed 11/13/19 (dkt. no. 1).

The state court granted summary judgment in favor of HSFCU in both actions. See Line of Credit Action, Order Granting Plaintiff's Motion for Summary Judgment Against Defendant Filed January 13, 2020, filed 4/22/20 (dkt. no. 66); Auto Loan Action, Order Granting Plaintiff's Motion for Summary Judgment Against Defendant Filed January 13, 2020, filed 4/22/20 (dkt. no. 61).

Prior to the submission of Kahapea's dispute resolution complaint to Sitcomm, Kahapea sent HSFCU a document, dated March 31, 2019, and titled "Conditional Acceptance for Value and Counter Offer/Claim for Proof of Claim and Tender of Payment Offering" ("Conditional Acceptance"). [Motion to Confirm, dkt. no. 1-1 (Conditional Acceptance) at PageID #: 7.] Kahapea stated he had an agreement with BANA, "the original lender[,]" and he was conditionally accepting an unspecified offer of new terms by HSFCU, but he demanded that HSFCU provide

3

a proof of claim. [Id.] Included within Kahapea's Conditional Acceptance was an "Equitable Remittance Coupon" that purported to constitute payment of $100,000 to HSFCU. [Id. at PageID #: 8.] Kahapea asserted the coupon could be presented for redemption "to the United States Treasury Department or at any Federal Reserve bank to include any Federal Reserve member banks" and he asserted that he was "tender[ing] payment for the referenced obligation of debt[.]" [Id.] The collateral identification number associated with the coupon was the same as the vehicle identification number of the vehicle at issue in the Auto Loan Action. Compare id. with Auto Loan Action, Complaint at Continuation Sheet to Complaint.

> Kahapea asserted the Conditional Acceptance
>
> supersedes and predates as well as replaces any
> and all prior agreements between the parties, and
> is binding on all parties and irrevocable, and
> the parties agreed to the terms and conditions of
> this agreement upon default of the defaulting
> party as of the date of the default, that the
> value of this agreement is $100,000.00 (ONE
> HUNDRED THOUSAND DOLLARS), the amount demanded is
> $44,000.00 (FORTY FOUR THOUSAND DOLLARS).

[Motion to Confirm, dkt. no. 1-1 (Conditional Acceptance) at PageID #: 9 (emphases in original).] He also stated:

> Should the Respondent(s) fail or otherwise
> refuse to provide the requested and necessary
> Proof of Claims raised herein above within the
> expressed period of time established and set
> herein above, Respondent(s) agree that they will
> have failed to State any claim upon which relief
> can be granted. Further, Respondent(s) will have

4

> agreed and consented through "tacit acquiescence" to ALL the facts in relation to the above referenced alleged Commercial/Civil/Cause, as raised herein above as Proof of Claims herein; and ALL facts necessarily and of consequence arising there from, are true as they operate in favor of the Undersigned, and that said facts shall stand as prima facie and ultimate (un-refutable) between the parties to this Conditional Acceptance binding contractual agreement coupled with interests for Value and counter offer/claim for Proof of Claim, the corporate Government juridical construct(s) Respondent(s) represents/serves, and ALL officers, agents, employees, assigns, and the like in service to Respondent(s), as being undisputed. . . .

[Id. at PageID #: 10 (emphasis in original).]  The Conditional Acceptance also stated it

> constitutes an agreement of all interested parties in the event of a default and acceptance through silence/failure to respond when a request for summary disposition of any claims or particular issue may be requested and decided by the arbitrator, and the parties agree that the policies and procedures of SAA (THE SITCOMM ARBITRATION ASSOCIATION) whereas a designated arbitrator shall be chosen at random, who is duly authorized, and in the event of any physical or mental incapacity to act as arbitrator, the Undersigned shall retain the authority to select any neutral(s)/arbitrator(s) that qualify pursuant to the common law right to arbitration, as the arbitration process is a private remedy decided upon between the parties, and with respects this agreement, the defaulting party waives any and all rights, services, notices, and consents to the undersigned and or the undersigned's representative selection of the arbitrator thereby constituting agreement, and any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or

5

> procedural arbitrability shall be settled by
> arbitration, and the arbitrator may hear and
> decide the controversy upon evidence produced,
> and not based on personal opinion, legalese,
> legal terminology, legal technicalities,
> statutes, codes, ordinances, regulations, but
> within the scope of this herein agreement
> according to its terms and conditions, and must
> do so even if and or although a party who was
> duly notified of the arbitration proceeding did
> not appear; that the Undersigned deems necessary
> to enforce the "good faith" of ALL parties hereto
> within without respect to venue, jurisdiction,
> law, and forum the Undersigned deems appropriate.

[Id. at PageID #: 11-12 (emphasis in original).]

The Arbitrator referred to the Conditional Acceptance as "a written, self-executing, binding, irrevocable, contractual agreement coupled with interests, for the complete resolution of their misconvictions and other conflicts respecting their previous relationship." [Motion to Confirm, dkt. no. 1-2 (Award) at PageID #: 27, ¶ 18.] The Arbitrator found that Respondents' failure to respond to the Conditional Acceptance constituted a default and an affirmation of "the truth and validity of said facts set" forth in the Conditional Acceptance. [Id. at PageID #: 28, ¶ 22.] The Arbitrator found that, in addition to the agreement in the Conditional Acceptance, Kahapea and "the parties had a pre-established relationship which placed an obligation on each to communicate with the other[,]" and Respondents "made changes to the original agreement which permitted and allowed [Kahapea] to present a counter offer

6

and/or conditional acceptance of the offer to change the agreement to the Respondent(s)."  [Id. at PageID #: 36, ¶¶ 45,a-c.]  The Arbitrator awarded a total of $132,000.00 to Kahapea, with Respondents each being responsible for $44,000.00, based on their respective breaches of a contractual agreement with Kahapea.  [Id. at ¶¶ 45.c-f.]  The Arbitrator also ordered Respondents "to restore and release" to Kahapea his "corpus and ALL property currently under a 'storage contract[.]'"  [Id. at PageID #: 31, ¶ 29.]  Although the Award does not contain an award of punitive damages, the Arbitrator stated that the issue of a punitive damages award could be revisited if Respondents failed to comply with the Award.  [Id. at PageID #: 38, ¶ 51.]

Kahapea seeks to confirm the Award, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.  The Motion to Confirm asserts confirmation is warranted because the Award is proper in all respects, and Respondents have not sought to vacate, modify, or correct the Award, pursuant to 9 U.S.C. §§ 10 and 11.  BANA has appeared in this action and urges this Court to deny the Motion to Confirm and to strike the Award.  [BANA Opposition at 2.]  Kahapea has never established that he completed service of the Motion to Confirm on HSFCU and DSM, and neither HSFCU nor DSM has appeared in this case.  This Court therefore adopted the magistrate judge's recommendation to dismiss the Motion to Confirm as to HSFCU and DSM.  [Findings

7

and Recommendation to Dismiss for Failure to Prosecute Plaintiff's Motion to Confirm Arbitration Award as to Defendants Hawaii State Federal Credit Union and Dave Smith Motors, filed 5/7/21 (dkt. no. 26); Order Adopting Magistrate Judge's Findings and Recommendation, filed 6/2/21 (dkt. no. 27).]  Thus, the only portion of the Motion to Confirm remaining before this Court is Kahapea's request to confirm the Award as to BANA.

## DISCUSSION

### I. Jurisdiction

The BANA Opposition does not challenge this Court's jurisdiction over this action.[3]  However, this Court must address whether jurisdiction exists because "[a] court's '[s]ubject-matter jurisdiction can never be waived or forfeited,' 'objections [to the court's jurisdiction] may be resurrected at any point in the litigation,' and courts are obligated to consider *sua sponte* requirements that 'go[] to subject-matter jurisdiction.'"  Wong v. Beebe, 732 F.3d 1030, 1035-36 (9th Cir. 2013) (en banc) (some alterations in Wong) (some citations omitted) (quoting Gonzalez v. Thaler, 132 S. Ct. 641, 648

---

[3] In another filing, BANA argued this Court lacks jurisdiction over this action because there is no binding arbitration agreement between the parties, and because this district court was not the proper place to bring an action to confirm the Award.  [Respondent Bank of America, N.A.'s Scheduling Conference Statement, filed 7/29/20 (dkt. no. 10), at 2-3.]

8

(2012)), *aff'd and remanded sub nom.* United States v. Wong, 575 U.S. 402 (2015).

The FAA "creates federal substantive law requiring the parties to honor arbitration agreements, [but] it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976) or otherwise." Southland Corp. v. Keating, 465 U.S. 1, 15 n.9 (1984) (citation omitted). Kahapea asserts diversity jurisdiction exists in this case. [Motion to Confirm at 1-2.] As the party asserting the existence of diversity jurisdiction, Kahapea has the burden of establishing the required elements. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010). 28 U.S.C. § 1332(a)(1) provides that diversity jurisdiction exits in civil actions between citizens of different states, if the amount in controversy exceeds $75,000, excluding interest and costs. The amount in controversy requirement is satisfied because the Conditional Acceptance sought a minimum of $144,000.00, and the Arbitrator awarded $132,000.00. See Motion to Confirm, dkt. no. 1-1 (Conditional Acceptance) at PageID #: 9; id., dkt. no. 1-2 (Award) at PageID #: 36, ¶ 45.c.[4]

---

[4] This district court has noted that the circuit courts reviewing the issue of whether the amount in controversy requirement is satisfied in an action to confirm an award utilize either the award approach or the demand approach. Peraton Gov't Commc'ns, Inc. v. Haw. Pac. Teleport L.P., Civ.
(. . . continued)

Diversity jurisdiction "requires 'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" Demarest v. HSBC Bank USA, N.A., 920 F.3d 1223, 1226 (9th Cir.) (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)), *cert. denied*, 140 S. Ct. 386 (2019). Kahapea asserts he and Respondents are all citizens of Hawai`i for purposes of diversity jurisdiction. [Motion to Confirm at 1-2.] There is nothing in the record which calls into question his assertion of his own citizenship. Although BANA has not asserted its citizenship in this case, it has affirmatively represented in other cases that it is a citizen of North Carolina. See, e.g., Daligcon v. Bank of Am., N.A., CIVIL NO. 21-00020 JAO-RT, 2021 WL 1329450, at *2 (D. Hawai`i Apr. 9, 2021); Inokuma v. Bank of Am., N.A., CIVIL NO. 20-00178 LEK-RT, 2020 WL 4455102, at *2 (D. Hawai`i Aug. 3, 2020), *reconsideration denied*, 2020 WL 5807332 (Sept. 29, 2020); Apilado v. Bank of Am., N.A., CIVIL NO. 19-00285 JAO-KJM, 2019 WL 4039616, at *1 (D. Hawai`i Aug. 27, 2019). Although the

---

No. 20-00287 JMS-WRP, 2021 WL 767854, at *5 n.4 (D. Hawai`i Feb. 26, 2021) (citing Pershing, LLC v. Kiebach, 819 F.3d 179, 182 (5th Cir. 2016)). It noted that, "[a]lthough somewhat unclear, the Ninth Circuit appears to follow a 'demand approach.'" Id. (citations omitted). Because the amount in controversy requirement is satisfied under either approach in this case, this Court need not determine which approach applies in the Ninth Circuit.

current parties in this case appear to be diverse, the question of whether diversity jurisdiction exists is determined based on facts at the time the action was filed. See Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570-71, (2004). Thus, the citizenship of HSFCU and DSM must also be considered.

As previously noted, Kahapea asserts HSFCU and DSM are Hawai`i citizens. Kahapea attempted service on HSFCU at a Honolulu, Hawai`i address, and he attempted service on DSM at a Kellogg, Idaho address. [Notice of Proof of Service, filed 8/20/20 (dkt. no. 14), Exh. 1 (copies of certified mail receipts and return receipts).] Kahapea purportedly sent the Conditional Acceptance to HSFCU at a Honolulu, Hawai`i address, and the Award was purportedly served on HSFCU at the address reflected in the Conditional Acceptance. See Motion to Confirm, dkt. no. 1-1 (Conditional Acceptance) at PageID #: 7; id., dkt. no. 1-2 (Award) at PageID #: 42. Because there is no evidence in the record calling Kahapea's representation of HSFCU's citizenship into question, and because the available evidence supports his representation, this Court finds that HSFCU's principal place of business is in Hawai`i, and therefore HSFCU is a Hawai`i citizen for purposes of diversity jurisdiction. Cf. Lloyd v. Navy Fed. Credit Union, Case No. 17-cv-1280-BAS-RBB, 2019 WL 2269958, at *5 (S.D. Cal. May 28, 2019) (noting that, for purposes of 28 U.S.C. § 1332(c)(1), the defendant

credit union "qualifie[d] as a 'corporation' in view of the statues under which credit unions are created" (citing 12 U.S.C. § 1754)); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").  Because Kahapea and HSFCU are both citizens of Hawai`i, complete diversity is lacking,[5] and Kahapea has failed to carry his burden to establish that jurisdiction exists in this case.  The Motion to Confirm must be dismissed for lack of subject matter jurisdiction.  However, for the sake of completeness, this Court will also address whether it would confirm the Award, if jurisdiction existed.

## II. Whether the Award Would Be Confirmed

This district court has stated:

> Under the FAA, "if a party seeks a judicial order confirming an arbitration award, 'the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title.'" Kyocera Corp. [v. Prudential-Bache Trade Servs., Inc.], 341 F.3d [987,] 997 [(9th Cir. 2003)] (quoting 9 U.S.C. § 9) (emphasis omitted).  "'[C]onfirmation is required even in the face of erroneous findings of fact or misinterpretations of law.'" Id. (quoting French v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 784 F.2d 902, 906 (9th Cir. 1986)).
>
> Rather, § 10 [of the FAA] permits vacatur only:

---

[5] In light of this finding, it is not necessary to determine the citizenship of DSM.

12

>> (1)  where the award was procured by corruption, fraud, or undue means;
>
>> (2)  where there was evident partiality or corruption in the arbitrators, or either of them;
>
>> (3)  where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>> (4)  where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> Id. (quoting 9 U.S.C. § 10(a)) (emphasis omitted).  "[A]rbitrators 'exceed their powers' in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'"  Id. (citations omitted).

Peraton, 2021 WL 767854, at *5 (some alterations in Peraton).

While Kahapea contends this Court must confirm the Award because it has never been vacated, modified, or corrected, he has not established the threshold requirement of an agreement between Kahapea and BANA to arbitrate.  See 9 U.S.C. § 9 ("**If the parties in their agreement** have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, **then** at any time within one year after the award is made any party to the

13

arbitration may apply to the court so specified for an order confirming the award . . . ." (emphases added)).  Kahapea asserts he had a loan agreement with BANA.  See Motion to Confirm, dkt. no. 1-1 (Conditional Acceptance) at PageID #: 7.  However, he has not presented that agreement to this Court.

The Conditional Acceptance is addressed to HSFCU.  [Id.]  Kahapea's position appears to be that he sent a comparable document to BANA, and, by failing to respond to that document, BANA entered into an agreement with Kahapea to submit his dispute to arbitration before Sitcomm.  Even assuming that BANA received a version of the Conditional Acceptance, BANA's failure to respond to the document did not create a valid and enforceable arbitration agreement under Hawai`i law.[6]  In a similar situation, this district court stated

> The documents Plaintiff sent to Equifax do not constitute binding contracts because there is no indication that Equifax agreed to Plaintiff's terms.  See Carson v. Saito, 53 Haw. 178, 182, 489 P.2d 636, 638 (1971) (recognizing that as a "fundamental principle of law[,] there must be mutual assent or a meeting of the minds on all essential elements or terms in order to form a binding contract") (quoting Honolulu Rapid Transit Co. v. Paschoal, 51 Haw. 19, 26, 449 P.2d 123, 127 (1968)); see also In re Estate of

---

[6] In actions brought pursuant to the FAA, "[s]tate law governs the validity, revocability, and enforceability of a contract.  Federal substantive law governs the scope of an arbitration agreement."  Shivkov v. Artex Risk Sols., Inc., 974 F.3d 1051, 1058-59 (9th Cir. 2020) (citations omitted), cert. denied, No. 20-1313, 2021 WL 2637867 (U.S. June 28, 2021).

14

> Tahilan v. Friendly Care Home Health Servs., Inc., 731 F. Supp. 2d 1000, 1006 (D. Haw. 2010) (explaining that mutual assent must include "an offer, an acceptance, and consideration") (citing Douglass v. Pflueger Haw., Inc., 110 Haw. 520, 525, 135 P.3d 129, 134 (2006)); Orman v. C. Loan Administration & Reporting, 2019 WL 6841741, at *4-5 (D. Ariz. Dec. 16, 2019) ("It is a fundamental principle of contract law that silence does not constitute acceptance of a contract.") (citing Restatement (Second) of Contracts § 69 and cases).

Patao v. Equifax, Inc., CIV. NO. 19-00677 JMS-WRP, 2020 WL 5033561, at *6 (D. Hawai`i Aug. 25, 2020) (alteration in Patao).[7] This Court therefore concludes that, as a matter of law, BANA's failure to respond to a document similar to the Conditional Acceptance attached to the Motion to Confirm did not result in valid and binding agreement between Kahapea and BANA to submit a dispute to arbitration before Sitcomm.

Because Kahapea has not established the existence of a valid and enforceable arbitration agreement between him and BANA, he is not entitled to confirmation of the Award under the FAA. Thus, even if this Court could exercise diversity jurisdiction over this case, this Court would deny the Motion to

---

[7] The plaintiff mailed Equifax, Inc. ("Equifax") a letter informing Equifax that he was injured because of an Equifax data breach and demanding that Equifax provide "Proofs of Claim" about the incident. Patao, 2020 WL 5033561, at *1. The letter stated that, if Equifax did not respond within ten days, Equifax would be deemed to have acquiesced in the terms set forth in an affidavit that the plaintiff subsequently sent Equifax after it did not respond to his letter. Id. at *1-2.

Confirm.  Although BANA appears to request that the Award be vacated, see BANA Opposition at 2 (arguing the Award should be stricken), this Court declines to address that request because of the lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, Kahapea's Motion to Confirm Arbitration Award, filed June 10, 2020, is HEREBY DISMISSED for lack of subject matter jurisdiction.  The Clerk's Office is DIRECTED to enter judgment and close this case immediately, pursuant to the instant Order and the Order Adopting Magistrate Judge's Findings and Recommendation, filed June 2, 2021.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 20, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONNIE KAHAPEA VS. HAWAII STATE FEDERAL CREDIT UNION, ET AL.; CV 20-00281 LEK-KJM; ORDER DISMISSING, FOR LACK OF SUBJECT MATTER JURISDICTION,PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD**